WILLIAM E. OUTCALT et al., admr. &c.,

v.

PETER S. OUTCALT et al.

Under a testamentary direction that after the death of the testator's wife the residue of his estate "shall be divided among my several children, share and share alike; and in the event of any of my said children dying before my said wife and leaving issue them surviving, then such issue shall be entitled to and receive their parent's share, the same as said parent would receive were he or she then living," the children of a son who died in testator's lifetime, and before the making of the will, and before the death of the widow, were held entitled to their father's share.

Bill for construction of will.

*Messrs. Woodbridge Strong & Sons,* for complainant.

THE CHANCELLOR.

The bill is filed for a construction of the residuary clause of the will of Jacob H. Outcalt, deceased. The clause is as follows :

"I do further order and direct that after the decease of my said wife, Mary, all her just debts and funeral expenses shall be first paid out of my remaining estate, and the residue thereof shall be divided among my several children, share and share alike; and in the event of any of my said children dying before my said wife and leaving issue them surviving, then such issue shall be entitled to and receive their parent's share, the same as said parent would receive were he or she then living."

The testator left five children. He had also two grandchildren—the children of a son who died in the testator's lifetime, and before the making of the will. His widow (whom he ap-

Outcalt *v.* Outcalt.

pointed sole executrix) is dead, and this suit is brought by his administrators *de bonis non cum testamento annexo.* The question is whether those grandchildren are entitled to share in the distribution of the residue under the residuary clause of the will. The direction is to divide among the testator's several children, and in the event of any of his "said children" dying before his wife, and leaving issue surviving, the issue are to take the share which the parent would have taken if living at the widow's death. There is no evidence in the will that the testator intended to exclude the children of his deceased son. The gift is, indeed, to the testator's several children, and is followed by the provision that "in the event of any of his ' said ' children dying before his wife, leaving issue, such issue shall take in the parent's stead." But this gift to the children and to the issue of his "said" children does not exclude the children of the deceased son. By the language which he used, the testator intended to make a gift to his children who should survive his wife, and to the issue (*per stirpes*) of any that should be dead at the time of her decease. The children of the deceased son are within the terms of the will. Their father died before the widow. By the expression, "my several children," the testator referred to all his children, living and dead, as a class. By the word "several" he probably meant "all." It may be added that it is reasonable to presume that if he had intended to exclude the issue of his deceased son he would have said so plainly. Such gifts have frequently been construed as admitting the issue of a person who died in the testator's lifetime to a participation in the gift. In *Potter's Trust (L. R.) 8 Eq. 52,* (V. C. Malins, 1869), the testator bequeathed his residuary estate and effects to trustees to pay the income to certain persons for their lives ; and, subject thereto, bequeathed one-fourth of his estate and effects to his nephews and nieces, the children of his late sister, Mary Lamb, in equal shares and proportions, as tenants in common, and not as joint tenants, and added :

"And in case of the death of any of my said nephews and nieces, leaving issue, then I direct that such issue shall take the share that his, her or their deceased parent would have taken if living."

It was held that the children of nephews and nieces who died before the date of the will, and of a nephew who died after the date of the will, but before the testator, took, by substitution, the shares which their respective parents would have taken if living at the testator's death. In *Adams* v. *Adams*, (*L. R.*) *14 Eq. 246* (1872), a provision that should any of the brothers or sisters of the testator die leaving issue during the lifetime of his sister, Susan Adams (to whom he gave all his property for life, with remainder to his other brothers and sisters equally), the share that would have been theirs should be equally divided among their children, was held by the same judge to permit the children of a brother, who died fifteen years before the testator, to take a share of the estate. In *Cort* v. *Winder, 1 Collyer 321,* the gift was to a class (cousins german) living at the testator's death, with provision that in the event of the death of any of them before their respective shares should become due or payable, leaving lawful issue, to such issue, it was held that the issue of a cousin, who died in the testator's lifetime, was entitled to take the prospective share of the parent. In *Chapman's Will, 32 Beav. 382,* where there was a bequest of a legacy to such of certain persons (the testator's nephews and nieces, children of his late sister, and others whom he specified) as should be living at his death, equally, with provision that in case any of them should die in his lifetime, leaving any child or children who should be living at his decease, and who should then have attained or should live to attain the age of twenty-one years, such child or children should stand in their parent's place, and be entitled to the same share or shares and 'interest as the deceased parent would have been entitled to if living at the time of the testator's death—it was held (by Sir John Romilly, M. R.) that the child of a niece who had died prior to the date of the will was entitled to participate in the legacy; that the words, "shall die in my lifetime," were not to be construed as signifying death in the testator's lifetime after the making of the will, but death before the testator's decease, whether happening before or after the making of the will; that is, they were held to be equivalent to the expression, "shall be dead at the time of my death."

In *Sibley's Trusts (L. R.) 5 Ch. Div. 494,* where the gift was in trust for "all and every the children of Robert Fuller, or their issue, in equal shares," it was held (by Sir George Jessel, M. R.) that the issue of four deceased children who were dead at the date of the will were entitled to shares as issue of their deceased ancestors. In *Long v. Labor, 8 Pa. St. 229,* the testator having given legacies of nearly equal value to his children and the children of his deceased children, directed a sale of his real estate after the death of his widow, and that the residue of his estate, after paying legacies, should be equally divided among his children who should be living at the time of such distribution, and that in case any of them should be deceased, their heirs should receive in equal parts such share as their parents would be entitled to receive if living. It was held (upon the whole will, however) that the issue of a child who died before the date of the will were entitled to participate in the residue with the children who survived the period for distribution. In *May's Appeal, 41 Pa. St. 512,* a testator by his will bequeathed the residue of his estate to his grandchildren, the children of his two daughters, to be paid to them share and share alike, as they should respectively arrive at the age of twenty-one years, and provided as follows:

"In the event of the death of any one of the said grandchildren before he or she shall arrive at the age of twenty-one years, then and in that case I order and direct my executors to pay the share of him or her so dying to the mother of the child, if living."

It was held that the mother of a grandchild who had died in the testator's lifetime was entitled to an equal share with the other grandchildren. In *Potter's Trust* and *Adams v. Adams,* Vice-Chancellor Malins, criticising *Christopherson v. Naylor, 1 Meriv. 320,* places the decision upon a principle which he lays down as that which he thinks would put the law upon the subject on the most rational footing, viz.: Wherever there is a gift to a class, with a gift by substitution to the issue or children of those who shall die, the children take what their parents would have taken if living at the testator's death, without regard to the question

whether the parents died before or after the date of the will, unless a contrary intention is shown. But, in both those cases, no new rule was necessary, for there was an independent gift to the issue. It is laid down by Mr. Theobald that if the original gift is to a class, with a direction that the issue of any dying in the testator's lifetime or before the period of distribution, shall take the share their parents would have been entitled to if then living, the issue of those dead, at the date of the will, will be admitted, as the direction amounts to an independent gift—the word "share" being satisfied by a stirpital distribution. *Theob. Wills 348.* See, also, *Hawk. Wills 249.*

In the case under consideration, the gift to the issue is an independent gift. There will be a decree advising the administrators that the children of Henry Outcalt, deceased, are entitled to that share of the residue to which he would have been entitled had he survived the widow.